NOT FOR PUBLICATION

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ORPAH BARBEL, | ) | Civil No. 2009-80 |
| | ) | |
| Debtor. | ) | Re: Bankr. No. 09-30004 |
| _____ | ) | |

**APPEARANCES:**

**Orpah Barbel**
St. Thomas, U.S. Virgin Islands
  *Pro se appellant*

**Carol Ann Rich, Esq.**
St. Thomas, U.S.V.I.
  *For FirstBank of Puerto Rico.*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of the debtor-appellant, Orpah Barbel ("Barbel"), for a stay pending appeal from a June 3, 2009, order entered by the United States Bankruptcy Court for the District of the Virgin Islands (the "Bankruptcy Division").[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 2009, Barbel filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 1301 *et seq.* ("Chapter 13").  FirstBank of Puerto Rico

---

[1] The motion to stay was initially filed on July 1, 2009, and an amended motion was filed on July 7, 2009.

("FirstBank") filed a notice of appearance in the bankruptcy proceeding, as successor in interest to Chase Manhattan Bank ("Chase"), a secured creditor of Barbel.

On May 7, 2009, FirstBank filed a motion in the Bankruptcy Division to convert the Chapter 13 case to a proceeding under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701 et seq. ("Chapter 7").

On June 3, 2009, the Bankruptcy Division entered an order granting FirstBank's motion to convert the matter to Chapter 7. The order stated that conversion was required because: "(1) the Debtor is not eligible to be a chapter 13 Debtor under 11 U.S.C. [§] 109(e); (2) the Debtor has filed her chapter 13 petition in bad faith and her plan in bad faith; and (3) conversion is in the best interest of the creditors and the estate." (Order 1, June 3, 2009.)

Barbel timely filed a notice of appeal from the June 3, 2009, order. Now, Barbel seeks a stay of the June 3, 2009, order pending appeal.

## II. ANALYSIS

Federal Rule of Bankruptcy Procedure 8005 ("Rule 8005") provides, in relevant part,

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy

> appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, *but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. . . .*

Fed. R. Bankr. P. 8005 (1987) (emphasis added).

Under Rule 8005, a party should first apply to the bankruptcy court for a stay pending appeal. A party may then move for a stay in the district court, so long as the motion demonstrates why such relief was not granted by the bankruptcy court. *See id.; see also In re Highway Truck Drivers & Helpers Local Union No. 107*, 888 F.2d at 297 (3d Cir. 1989) ("Although [Rule 8005] states that a motion for relief pending appeal ordinarily must be made in the first instance in the bankruptcy court, Rule 8005 allows for such a motion to be made to the district court upon a showing of why the relief was not obtained from the bankruptcy court.").

In order for Barbel to seek a stay from this Court, she must first either (1) be denied a stay from the Bankruptcy Division, or (2) receive no ruling on her request for a stay. In her amended motion to stay, Barbel indicates that, due to inadvertence and her unfamiliarity with legal procedures, she did not initially realize that the motion to stay must be filed in

the first instance with the Bankruptcy Division. She further indicates that she has in fact filed a motion in the Bankruptcy Division for a stay pending appeal, but has also filed an identical motion in this Court, out of an abundance of caution. Significantly, however, there is no evidence in the record that the Bankruptcy Division has considered or denied Barbel's motion to stay.

The record reveals that Barbel's motion to stay was filed in the Bankruptcy Division on July 6, 2009. The Bankruptcy Division thereafter scheduled the matter for a hearing on July 23, 2009. This Court is confident that the Bankruptcy Division will rule upon the motion in a timely manner. Under these circumstances, the Court finds it more appropriate for the Bankruptcy Division to decide the motion to stay in the first instance. *See, e.g., In re Zahn Farms*, 206 B.R. 643, 645 (B.A.P. 2d Cir. 1997) (recognizing "the benefit of the views of the Judge who is familiar with the issues" in ruling on a motion for a stay pending appeal).

Accordingly, it is hereby

**ORDERED** that the motion for a stay pending appeal is **DENIED** without prejudice to Barbel seeking such relief from this Court at an appropriate time, if necessary.

S\_____
**Curtis V. Gómez**
**Chief Judge**